# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| ALVIN DAVID LAWSON and CYNTHIA JANE LAWSON, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 3:17-cv-00044 ) REEVES/SHIRLEY |
| SPECIALIZED LOAN SERVICING, LLC, DEUTSCHE BANK NATIONAL TRUST COMPANY, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC, AND SHAPIRO & INGLE LLP, | ) ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION

This action is brought by plaintiffs to stop foreclosure proceedings on their residence. Plaintiffs assert claims for breach of contract under the terms of their Deed of Trust, violation of Tenn. Code Ann. § 35-5-101, violation of the Real Estate Settlement Procedures Act (RESPA), and violation of the Fair Debt Collection Practices Act (FDCPA). Defendants respond that plaintiff's complaint fails to state a claim upon which relief can be granted because defendants have the right to enforce plaintiffs' mortgage and defendants have complied with the applicable law. For the reasons which follow, defendants' motions to dismiss the complaint will be granted, and this action dismissed in its entirety.

## I. Background

The Lawsons purchased a residence on December 7, 2005, and obtained a $144,800.00 loan (Note) from First Franklin, a Division of National City Bank of Indiana. The loan is secured by a Deed of Trust, which designates Mortgage Electronic Registration Systems (MERS) as the nominee for First Franklin as well as First Franklin's successors and assigns. The Deed of Trust provides that MERS holds legal title to the interests granted by the Lawsons and has the right to foreclose and sell the property. The Deed of Trust also provides that the Note can be sold without notice to the Lawsons, and that a sale may result in a change in the Loan Servicer that collects payment due under the Note. The Lawsons' mortgage loan is currently designated as "FFMLT Trust 2006-FF4, Mortgage Pass-Through Certificates, Series 2006-FF4." Deutsche Bank is the Trustee of this security with right of foreclosure.

The Lawsons' failed to make their July 1, 2016 mortgage payment. On September 4, 2016, Specialized Loan Servicing (SLS) sent a letter to the Lawsons stating that their loan was in default. On November 17, 2016, Shapiro & Ingle sent a letter to the Lawsons stating that the amount of their debt was $155,841.05 and that the owner of the debt was Deutsche Bank. The letter informed the Lawsons they had thirty (30) days to dispute the amount of the debt pursuant to the FDCPA.

On December 9, 2016, the Lawsons sent a letter to Shapiro & Ingle requesting the name and address of the original creditor, the history of ownership of the loan, and a breakdown of the debt amount. The letter also requested that SLS "hold off" on starting

foreclosure proceedings and give the Lawsons another month or two to salvage the situation and save their home.

On December 12, 2016, David Lawson called SLS and discovered the foreclosure process had begun and a foreclosure sale was set for January 17, 2017. The Lawsons' attorney sent a letter to SLS, requesting a breakdown of principal, interest, attorney fees, and other costs being charged in the foreclosure proceeding.

On December 16, 2016, the first public notice of the foreclosure sale was published. On that same day, SLS notified the Lawsons' attorney by letter that the foreclosure sale was scheduled for January 17, 2017, and SLS could not "cancel the sale or evaluate the request for a foreclosure prevention option." The letter provided that any "Notices of error and requests for information (including qualified written requests (QWRs)), must be submitted in writing to Specialized Loan Servicing LLC, P.O. Box 630147, Littleton, CO 80163-0147.

On December 19, 2016, SLS mailed the Lawsons a mortgage statement requesting payment of $11,470.10 by January 1, 2017. This mortgage statement broke down the amount due into principal, interest, escrow for taxes and insurance, regular monthly payment, advance billed foreclosure expense, and past due amounts.

On December 24, 2016, SLS sent a letter to the Lawsons' attorney and provided the name and address of the original creditor, the name and address of the current creditor, a payment history, a copy of the Deed of Trust, a copy of the Note, and an explanation of fees on the account. The letter informed counsel that the Deed of Trust allows for transfer

of the Note or services without the borrowers' authorization. Lastly, the letter stated the foreclosure sale was set for January 17, 2017.

On January 11, 2017, Shapiro & Ingle, the law firm representing SLS, sent a letter to the Lawsons informing them that the foreclosure sale had been rescheduled for February 20, 2017. On January 24, 2017, SLS again sent copies of the original Deed of Trust, Note, and payment history to the Lawsons' attorney. The foreclosure sale did not take place on February 20, 2017, and it has not been rescheduled.

## II. Standard of Review

Defendants move for dismissal of the Lawsons' complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), alleging that the Lawsons have failed to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When determining the sufficiency of the complaint against a motion to dismiss under this Rule, the court must accept as true all facts alleged in the complaint. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, the court is not required to accept as true any proffered legal conclusions. *Id.*

A motion to dismiss under Rule 12(b)(6) will be denied where the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Conversely, dismissal under this Rule "is proper when there is no set of facts that would allow the plaintiff to recover." *Carter v. Cornwell*, 983 F.2d 52, 54 (6th Cir. 1993); *see also Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005) ("To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.")

4

### III. Analysis

**A. MERS**

MERS is a company that provides mortgage recording services to lenders and allows the lenders to trade the mortgage note and servicing rights on the market with MERS maintaining electronic recordings of each transaction. *Dauenhauer v. Bank of New York Mellon*, 562 Fed. Appx. 473, 479 (6th Cir. 2014). When the mortgage loan is repaid, MERS, as agent grantor, conveys the property to the borrower. *Id.* Courts nationally, including Tennessee courts, have consistently approved MERS' role in loans when designated as the nominee and beneficiary under a deed of trust. *See Samples v. Bank of Am., N.A.*, 2012 WL 1309135 at *3 (E.D.Tenn. Apr. 16, 2012) (finding claim based on invalid assignment or the role of MERS in mortgage transaction – where the deed of trust named MERS as the beneficiary and nominee for the lender and its assigns – failed as a matter of law); *Golliday v. Chase Home Fin., LLC*, 2011 WL 4352554 at *7 (W.D.Mich. Aug. 23, 2011) ("Over the twenty years that MERS has existed, borrowers who have defaulted on their loan obligations have attempted, without success, to attack the validity of their mortgage based on the involvement of MERS").

Here, the Deed of Trust designates MERS as the nominee for First Franklin and First Franklin's successors and assigns. The Deed of Trust provides that MERS holds legal title to the interests granted by the Lawsons and has the right to foreclose and sell the property. The Lawsons' complaint is devoid of any factual allegations that would support a cause of action against MERS. Accordingly, the court finds the Lawsons have failed to

state a claim for which relief can be granted, and MERS will be dismissed as a defendant in this action.

### B. SLS and Deutsche Bank

The Lawsons assert claims against SLS and Deutsche Bank for breach of contract under the terms of the Deed of Trust, violation of Tenn. Code Ann. § 35-5-101, violation of RESPA, and violation of FDCPA.

#### 1. Standing

The Lawsons assert that defendants have not proven ownership of the debt and thus do not have standing to foreclose on their home. Further, the Lawsons ask that defendants provide chain-of-title information showing defendants have standing. The Lawsons cite no statute or provision of the Deed of Trust or Note that requires Deutsche or SLS to provide them with chain-of-title information. Further, as pointed out by defendants, the MERS database is accessible by the public, and the Lawsons or their attorney could obtain information about the loan and its chain-of-tile by searching the MERS database.

The Lawsons have the burden to assert facts that would show SLS and Deutsche are not entitled to foreclose on the property. *Dauenhauer*, 562 Fed. Appx. at 478, It is well-settled under Tennessee law that the transfer of a note automatically carries with it the lien created by the accompanying deed of trust or other instrument securing it. *Id.* As Borrowers, the Lawsons bear the burden to make factual allegations sufficient to support their claim that Deutsche is not a holder in due course. *Id.* The Lawsons have only made conclusory allegations that Deutsche is not the holder of the Note and have instead attempted to shift the burden to Deutsche/SLS to show standing. Because the Lawsons

have not alleged facts to support their claim, the court finds SLS and Deutsche Bank have standing to foreclose on the property.

### 2. Breach of Contract

To establish a breach of contract claim under Tennessee law, plaintiffs must allege the existence of an enforceable contract, a breach of that contract, and damages resulting from the breach. *LifeMed, Inc. v. AMC-Tennessee, Inc.*, 183 S.W.3d 1, 26 (Tenn.Ct.App. 2005). The Lawsons allege SLS and Deutsche violated provisions of the Deed of Trust by failing to provide notice of the foreclosure sale set for January 17, 2017. However, the record shows that SLS sent the Lawsons a Notice of Default and Notice of Intent to Foreclose on September 4, 2016. And, the Lawsons had actual knowledge that a foreclosure sale was scheduled for January 17, 2017. The sale was subsequently continued to February 20, 2017, and the Lawsons were notified in writing of the new date of the foreclosure sale (no foreclosure sale has occurred to date). The Lawsons do not allege that defendants failed to abide by the terms of the Deed of Trust regarding notice in relation to the foreclosure sale scheduled for February 20, 2017. Accordingly, the court finds that the Lawsons have failed to state a claim for breach of contract.

### 3. Tenn. Code Ann. § 35-5-101

Section (a) of the statute requires "in any sale of land to foreclose a deed of trust, mortgage or other lien securing the payment of money or other thing of value . . . advertisement of the sale shall be made at least three (3) different times in some newspaper published in the county where the sale is to be made." Section (e) however, provides that "nothing in this section shall be construed as applying to any notice published in

accordance with any contract entered into heretofore, and expressed in a mortgage, deed of trust or other legal instruments." SLS and Deutsche argue that even if they failed to comply with Section (a), no foreclosure sale has taken place; therefore, the Lawsons cannot show they have suffered any damages. The court agrees.

Moreover, to the extent the Lawsons are asking the court to enjoin any future sale of the property, the Lawsons fail to make allegations sufficient to support this request for relief. In order to enjoin a foreclosure sale, Tenn. Code Ann. § 29-23-202 requires a party to "distinctly state, how, when, and to whom the debt or any part of the debt secured has … been paid, or any circumstances of fraud which vitiate the contract." The Lawsons do not dispute that they are in arrears on the mortgage; in fact, David Lawson has written letters and emails to SLS stating that plaintiffs' financial position is such that they cannot pay the Note. Thus, SLS, on behalf of Deutsche and the securitized trust, are entitled to foreclose on the property. Because the Lawsons have not alleged facts to show a violation of any Tennessee statute, and cannot establish damages, their claim fails as a matter of law.

### 4. RESPA

The Lawsons claim that defendants failed to properly respond to their qualified written requests (QWRs) for information concerning their mortgage, in violation of RESPA. RESPA regulations are promulgated by the Consumer Financial Protection Bureau. Two provisions govern QWRs made by consumers to mortgage servicers: 12 C.F.R. §§ 1024.35(c) and 1024.36(b). Section 1024.35(c) governs QWRs by borrowers seeking to assert errors with their mortgage and § 1024.36(b) governs QWRs by borrowers seeking information on their mortgage. The language of the regulations leaves no

ambiguity. If a servicer establishes a QWR mailing address and provides it to a borrower by written notice, a borrower must use the designated address to submit a QWR. Failure to send the QWR to the designated address for receipt and handling does not trigger the servicer's duties under RESPA. *Best v. Ocwen Loan Servicing, LLC*, 2016 WL 125875 at *3 (E.D.Mich. Jan. 12, 2016).

Here, the Lawsons assert their December 9, 2016 letter to Shapiro & Ingle, and the letter from their attorney to SLS on December 15, 2016 constitute QWRs. However, neither letter was mailed to the address designated by SLS. SLS informed the Lawsons that all notices of error and requests for information must be sent to Specialized Loan Servicing LLC, P.O. Box 630147, Littleton, CO 80163-0147. Because the Lawsons did not send their purported QWRs to SLS's designated mailing address, SLS's RESPA obligations were not triggered. As a result, the Lawsons cannot state a claim for relief under RESPA.

Finally, only a loan servicer is required by RESPA to respond to QWRs. The Lawsons have not alleged that Deutsche is a loan servicer; in fact, the record shows that Deutsche is the owner of the Note, and SLS is the loan servicer. Therefore, the Lawsons cannot state a claim for relief against Deutsche Bank under RESPA.

### 5. FDCPA

The FDCPA applies to "debt collectors," but not "creditors." 15 U.S.C. § 1692(e); *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 411 (6th Cir. 1998). The term "debt collector," means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debt, or who

regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. 15 U.S.C. § 1692a(6). A creditor is not a debt collector for the purposes of the FDCPA and creditors are not subject to the FDCPA when collecting their accounts. *MacDermid v. Discover Fin. Serv.*, 488 F.3d 721, 735 (6th Cir. 2007). The FDCPA excludes as debt collectors, any person collecting a debt owed or due which is not in default at the time it is obtained by such person or concerns a debt obtained by such person as a secured party in a commercial credit transaction involving the creditor. *Stout v. Equicredit Corp. of America*, 2016 WL 1531821 at *3 (W.D.Tenn. Apr. 15, 2016). Important here, mortgage holders and loan servicers are excluded so long as the debt was not in default at the time it was acquired. *Rodriguez v. CitiMortgage, Inc.*, 2015 U.S.Dist. LEXIS 141401 at *9 (M.D.Tenn. Apr. 30, 2015).

The Lawsons' complaint fails to assert that the loan was in default at the time of assignment to Deutsche. SLS, on behalf of Deutsche and the securitized trust, was entitled to receive payment under the Note. Exhibits attached to the Lawsons' complaint establish they defaulted on their July 1, 2016 mortgage payment. The law is well-settled that attempts to foreclose on a mortgage do not constitute debt collection activity for the purposes of the FDCPA. *Id.* Because defendants are not "debt collectors" as defined by the FDCPA, and because foreclosure actions do not constitute debt collection activity for FDCPA purposes, the Lawsons cannot sustain a claim under the FDCPA.

**C. Shapiro & Ingle**

S&I first argues that because Deutsche and SLS have standing to foreclose, it did nothing improper. The court agrees. The court notes that the Lawsons attempt to lump the

defendants together and fail to specifically state which action or inaction is attributed to a specific defendant. Under Tenn. Code Ann. § 35-5-116(d), a trustee is not liable for any good faith error resulting from reliance on any information in law or fact provided by the secured party. *See Baker v. JP Morgan Chase Bank, N.A.*, 2014 WL 1795176 at *5 (M.D.Tenn. May 6, 2014) (holding a substitute trustee has no independent duty to investigate the merits of a lender's request to conduct a foreclosure sale). Tennessee law does not give the Lawsons the right to sue S&I under the facts as alleged in their complaint. As the Tennessee Court of Appeals found in *Baker,* a substitute trustee has no duty to determine "who owned the indebtedness, whether a plaintiff was in default, whether there were pre-foreclosure settlement discussions, or whether additional fees were added to the note." *Id.*

Tenn. Code Ann. § 35-5-101(a) requires advertisement of a foreclosure sale be made three different times in some newspaper published in the county where the sale is to be made. As stated above, even if S&I failed to comply with the requirements of the statute, no foreclosure sale has taken place; therefore, the Lawsons cannot show they have suffered any damages under the statute.

Next, S&I argues the Lawsons fail to allege sufficient facts to establish that it is a "loan servicer" under RESPA. A "servicer" is "a person responsible for the servicing of a federally related mortgage." 12 C.F.R. § 1024.2. "Servicing means receiving any scheduled period payments from a borrower ... and making the payments to the owner of the loan." The Lawsons do not allege that S&I was a loan servicer. Rather, they acknowledge that S&I is a law firm representing SLS. Attached to their complaint is a

11

Notice of Sale identifying S&I as substitute trustee under the Deed of Trust. Because the Lawsons do not allege facts sufficient to show S&I was a loan servicer, their claim under RESPA fails as a matter of law.

Finally, the Lawsons are unable to state a claim against S&I under the FDCPA because S&I is not a "debt collector" as defined by the statute. S&I as substitute trustee under the Deed of Trust is the "enforcer of a security interest," and not a debt collector. *Stamper v. Wilson & Assoc.*, 2010 WL 1408585 at *8 (E.D.Tenn. Mar. 31, 2010). The Lawsons have not alleged any wrongful conduct under the provisions of the FDCPA related to the enforcement of security interests. As shown by the Notice of Sale, S&I has a right to initiate foreclosure because the Lawsons were delinquent in their obligations under the Deed of Trust.

The Lawsons argue that the inclusion of FDCPA disclaimers on S&I correspondence demonstrates that S&I was a "debt collector." This argument has been rejected by the federal courts. *See Chomilo v. Shapiro, Nordemeyer & Zielke, LLP,* 2007 WL 2695795 at *6 (D.Minn. Sept. 12, 2007)*; Stamper,* 2010 WL 1408585 at *8; *Montgomery v. Huntington Bank*, 346 F.3d 693, 700 (6th Cir. 2003). The fact that FDCPA disclaimers were sent in connection with a non-judicial foreclosure proceeding does not automatically transform S&I into a "debt collector." *Stamper*, 2010 WL 1408585 at *8. Because S&I was enforcing a security interest, not collecting a debt, the Lawsons' claim under the FDCPA fails as a matter of law.

## IV.  Conclusion

In light of the foregoing discussion, the following action is taken:

1. The motion to dismiss filed by Specialized Loan Servicing, LLC, Deutsche Bank National Trust Company, and Mortgage Electronic Registration Systems, Inc. [R. 31] is **GRANTED,** and all claims against these defendants are **DISMISSED in their entirety, with prejudice.**

2. The motion to dismiss filed by Shapiro & Ingle, LLP [R. 25] is **GRANTED**, and all claims against this defendant are **DISMISSED in their entirety, with prejudice**.

3. The motion filed by Specialized Loan Servicing, LLC, Deutsche Bank National Trust Company, and Mortgage Electronic Registration Systems, Inc. to strike its earlier filed motion to dismiss [R. 30] is **GRANTED,** and [R. 29] is stricken from the record.

**AN APPROPRIATE ORDER TO FOLLOW.**

_____
**UNITED STATES DISTRICT JUDGE**